Michael Critchley, Esq.
Amy Luria, Esq.
Armando B. Suárez, Esq.
Juliet Scholes, Esq.
CRITCHLEY & LURIA, LLC
75 Livingston Avenue, Suite 303
Roseland, NJ  07068
(973) 422-9200 (tel.)
(973) 422-9700 (fax)
*Attorneys for Defendant Jose Pena*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE PENA | Crim. No.  3:25-cr-00520<br><br>Oral Argument Requested |

# **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VOID AND DISQUALIFY AND FOR LIMITED DISCOVERY**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

FACTS ....................................................................................................................1

ARGUMENT ..........................................................................................................2

    I.    Ms. Habba's Signature on the Indictment Must be Voided and Ms. Habba and Anyone Acting "Under the Supervision or Authority of Ms. Habba" Must be Enjoined and Disqualified from Prosecuting Mr. Pena. ................2

    II.    Discovery is Needed With Regard to Ms. Habba's Post- July 1, 2025 Involvement in the Prosecution of Mr. Pena. ..............................................4

CONCLUSION.......................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*United States v. Pina*, No. 2:25-cr-00436 (Aug. 21, 2025) .............................. 5, 6, 7

*United States v.* Trump, No. 23-cr-80101 (S.D. Fla. July 15, 2025). ........................8

# INTRODUCTION

This motion flows directly from the holdings and the reasoning of: (1) the Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, set forth in *United States v. Giraud*, No. 1:24-cr-00768 (Aug. 21, 2025) and *United States v. Pina*, No. 2:25-cr-00436 (Aug. 21, 2025) (hereinafter, collectively referred to as "*United States v. Pina*"); and (2) the Honorable Aileen Cannon, United States District Judge for the Southern District of Florida, set forth in *United States v. Trump*, No. 23-cr-80101 (S.D. Fla. July 15, 2025). In light of these decisions, Mr. Pena moves to void Ms. Habba's signature on Mr. Pena's Indictment, and to enjoin and disqualify Ms. Habba, and those "under her supervision and authority," from prosecuting Mr. Pena. Furthermore, Mr. Pena seeks limited discovery regarding Ms. Habba's involvement in Mr. Pena's prosecution, including his indictment, since July 1, 2025, as such information is necessary to determine whether dismissal of the indictment is required.

# FACTS

On August 27, 2025, an Indictment was returned against Mr. Pena for conduct that allegedly spanned 2016 through 2024. Mr. Pena was charged by Indictment with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and three substantive counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.

(ECF 13). Ms. Habba and Assistant United States Attorney ("AUSA") Andrew Trombly appeared to have signed the Indictment.

With regard to Ms. Habba's position and appointment, Mr. Pena relies on the detailed factual narrative provided by Chief Judge Brann in *United States v. Pina*.

## ARGUMENT

I. <u>Ms. Habba's Signature on the Indictment Must be Voided and Ms. Habba and Anyone Acting "Under the Supervision or Authority of Ms. Habba" Must be Enjoined and Disqualified from Prosecuting Mr. Pena.</u>

Ms. Habba's signature on Mr. Pena's Indictment must be voided and Ms. Habba and anyone acting "under the supervision or authority of Ms. Habba" must be enjoined and disqualified from prosecuting Mr. Pena. This conclusion is required by the decision of the Chief Judge Brann in *United States v. Pina*.

On or about August 21, 2025, one week prior to the return of the Indictment against Mr. Pena, Chief Judge Brann found that Ms. Alina Habba, whose Government title is "Acting United States Attorney, Special Attorney," has "exercised the functions and duties of the office of the United States Attorney for the District of New Jersey without lawful authority since July 1, 2025." *See Pina* at \*2. Chief Judge Brann found that "Ms. Habba was not lawfully acting as the United States Attorney in any capacity from July 1, 2025 until at least July 24, 2025." *Id.* at \*21. Chief Judge Brann further found that Ms. Habba "is not statutorily eligible

2

to perform the functions and duties of the office of the United States Attorney and has therefore unlawfully held the role since July 24, 2025." *Ibid.* Thus, Chief Judge Brann concluded that Ms. Habba is "not lawfully holding the office of United States Attorney." *Id.* at *67. Accordingly, Chief Judge Brann held that all actions taken by Ms. Habba as the United States Attorney, since July 1, 2025, are "immediately unlawful." *Ibid.*

Chief Judge Brann then held that Ms. Habba's signature, on Mr. Pina's indictment, which was returned after July 1, 2025, and which had not been "ratified following the independent review by a properly appointed official," was "void in violation of [5 U.S.C.] section 3347(b)." *Id.* at *67-68. Chief Judge Brann further "disqualif[ied] Ms. Habba from engaging in the prosecution of . . . Mr. Pina, and from supervising same." *Id.* at 77. And, Chief Judge Brann held that "[a]ny Assistant United States Attorney who prosecutes . . . Mr. Pina under the supervision or authority of Ms. Habba in violation of [Chief Judge Brann's] Order is similarly subject to disqualification." *Ibid.*

Despite this decision, Ms. Habba, and others acting "under the supervision or authority of Ms. Habba," sought the Indictment of Mr. Pena on August 27, 2025, which action was "immediately unlawful."

3

In light of Chief Judge Brann's decision in *Pina*, Ms. Habba's signature on Mr. Pena's indictment must be voided, and Ms. Habba, and anyone acting "under the supervision or authority of Ms. Habba," must be enjoined and disqualified from prosecuting Mr. Pena.

II. <u>Discovery is Needed With Regard to Ms. Habba's Post- July 1, 2025 Involvement in the Prosecution of Mr. Pena.</u>

Limited discovery is also needed, with regard to Ms. Habba's post- July 1, 2025 involvement in the prosecution of Mr. Pena, to determine whether dismissal of the Indictment is necessary. Accordingly, Mr. Pena respectfully requests that the Court order such limited discovery.

In *Pina*, Chief Judge Brann did not dismiss the indictment against Mr. Pina because the Government submitted "materials" to the court that "clearly indicate[d] that the "the line Assistant United States Attorneys prosecuting Mr. Pina's case began receiving supervisory approvals to submit the case to a grand jury before July 1, 2025, when Ms. Habba's service became unlawful," and the discovery revealed that "[t]here [wa]s no indication that Ms. Habba had a role in any of these decisions, or in the grand jury proceeding other than to ultimately sign the indictment. Accordingly, her invalid signature is a mere technical defect that amounts to harmless error . . . ." *Id.* at 75.

4

But, in *United States v. Trump*, the Honorable Aileen Cannon determined that Special Counsel Jack Smith was unconstitutionally appointed in violation of the Appointments Clause, requiring dismissal of the Indictment. No. 23-cr-80101 (S.D. Fla. July 15, 2025). Judge Cannon explained this was because Special Counsel's functions "include[ed] his seeking of the Superseding Indictment on which [the] proceeding . . . hinge[d]." *Id.* at 83-84.

Thus, here, discovery is needed to determine what role Ms. Habba had in the prosecution of Mr. Pena, post-July 1, 2025, including the determination to seek an indictment and any involvement in the proceedings before the grand jury. Such information is necessary to determine if dismissal of the Indictment is appropriate.

## CONCLUSION

For the foregoing reasons, Mr. Pena respectfully requests that the Court grant the requested relief.

Dated: September 10, 2025

*/s/ Michael Critchley*
Michael Critchley, Esq.
Amy Luria, Esq.
Armando B. Suárez, Esq.
Juliet Scholes, Esq.
CRITCHLEY & LURIA, LLC
75 Livingston Avenue, Ste. 303
Roseland, NJ 07068
(973) 422-9200 (tel.)
(973) 422-9700 (fax)
*Attorneys for Defendant Jose Pena*